# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **JOHN BATY,** | ] |
| **Plaintiff,** | ] |
| v. | ] 4:18-cv-02022-ACA |
| **WEISER SECURITY SERVICES, INC.,** | ] |
| **Defendant.** | ] |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Defendant Weiser Security Services, Inc.'s unopposed motion for a more definite statement. (Doc. 2). For the reasons set out below, the court **GRANTS** the motion and **ORDERS** Plaintiff John Baty to file an amended complaint **on or before January 17, 2019**.

In November 2018, Mr. Baty, through counsel, filed a lawsuit in the DeKalb County Circuit Court, against his employer, Weiser Security Services. (Doc. 1-1 at 3). Weiser Security Services removed the case to this court on December 7, 2018, asserting the existence of both diversity and federal question jurisdiction. (Doc. 1 at 1).

According to his complaint, Mr. Baty is a 75 year old white man who worked as a security officer. (Doc. 1-1 at 3). He alleges that in April 2018, Weiser Security Services put him under investigation and suspended him after he and a

black coworker named Howard Long had a conversation about "slavery and the Civil War," after which Mr. Long filed a complaint about him. (*Id.* at 3–4). Weiser Security Services assigned him to work for two weeks in May 2018 but otherwise has not scheduled him for any shifts since his suspension. (*Id.* at 4).

Mr. Baty's complaint is titled "Complaint Alleging Age and Race Discrimination," although it refers only to the "Age Discrimination in Employment Act," without providing a citation to that Act. (Doc. 1-1 at 3). The complaint is not divided into counts, but contains only a single-paragraph "Claim for Damages" at the end, in which Mr. Baty asserts that Weiser Security Service encouraged Mr. Long "to engage the plaintiff in a discussion of the Civil War and claim it was a racial incident allowing the defendant to rid itself of a white elderly employee." (*Id.* at 5).

Federal Rule of Civil Procedure 8 requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Where the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response," the defendant may move for a more definite statement. Fed. R. Civ. P. 12(e). A defendant responding to a complaint

must "state in short and plaint terms its defenses to each claim asserted against it" and "admit or deny the allegations asserts against it." Fed. R. Civ. P. 8(b)(1).

Weiser Security Services has moved for a more definite statement, contending that although the complaint indicates that Mr. Baty seeks damages for both age and race discrimination, it does not identify the legal basis for any claim of race discrimination or the factual basis for any claim of age discrimination. (Doc. 2 at 4–5). The court agrees. As to any potential claim of race discrimination, the complaint's title ("Complaint Alleging Age and Race Discrimination") does not adequately assert a claim of race discrimination; Weiser Security Services cannot file an answer asserting defenses based on the title of the complaint alone. And as to the claim of age discrimination, Mr. Baty has provided no information other than his age and a conclusory allegation that Weiser Security Services wanted to "rid itself" of him based in part on his age. (Doc. 1-1 at 5). This is insufficient to allow the defendant to assert any defenses to the claim of age discrimination.

The court therefore **GRANTS** the motion for a more definite statement and **ORDERS** Mr. Baty to file an amended complaint **on or before January 17, 2019**. The amended complaint must comply with the pleading requirements set out in the Federal Rules of Civil Procedure, specifically Rules 8 and 10. In particular, the amended complaint must identify—in separate counts—each claim Mr. Baty

asserts against Weiser Security Services, including a citation to the statute or statutes on which the claim is based.

**DONE** and **ORDERED** this January 2, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE